**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTONIA REGIANE NUNES TORRES-MELO; RAPHAELA FONSECA-DE MELO TORRES; YAGO FONSECA-DE MELO TORRES,<br><br>Petitioners,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 23-2126<br><br>Agency Nos.<br>A220-280-415<br>A220-280-416<br>A220-280-417<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2025[**]
Seattle, Washington

Before: GOULD and NGUYEN, Circuit Judges, and BENNETT, District Judge.[***]

Antonia Regiane Nunes Torres-Melo ("Nunes") and her two children Yago

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Richard D. Bennett, United States District Judge for the District of Maryland, sitting by designation.

Fonseca de Melo Torres ("Yago") and Raphaela Fonseca de Melo-Torres[1] ("Raphaela"), natives and citizens of Brazil, petition for review of the Board of Immigration Appeals' ("BIA") order affirming the immigration judge's ("IJ") order denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

Where, as here, "the BIA agrees with the IJ decision and also adds its own reasoning, we review the decision of the BIA and those parts of the IJ's decision upon which it relies." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027–28 (9th Cir 2019). We review questions of law *de novo* and factual findings for substantial evidence. *Gutierrez-Alm v. Garland*, 62 F.4th 1186, 1194 (9th Cir. 2023); *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (*en banc*). We have jurisdiction under 8 U.S.C. § 1252(a)(1). We deny the petition.

1.     Substantial evidence supports the agency's denial of Petitioners' applications for asylum and withholding of removal. The BIA concluded that Petitioners did not establish past persecution or a well-founded fear of future persecution. We agree.

2.     Substantial evidence supports the agency's finding that Nunes and Raphaela did not experience past persecution. Although a Forza Joven[2] gang

---

[1] We refer to Nunes, Yago, and Raphaela collectively as "Petitioners."
[2] The Forza Joven is a small gang of about ten people that operates only in the state of Goiás.

member burglarized Petitioners' home, this incident does not equate to past persecution because it was an isolated[3] incident and done in a non-threatening manner. *Cf. Chand v. INS*, 222 F.3d 1066, 1074 (9th Cir. 2000) (holding "persistent robbery under threatening conditions" is persecution where there was evidence that the government "was unable or unwilling to control such crime"). Nunes testified that the burglar did not make any efforts to harm the Petitioners and intended only to take the television. There is also no evidence the government was "unable or unwilling to control" the burglary. *See id.* Nunes called the police who advised her to turn on the lights, which caused the man to go away. Although a Forza Joven gang member threatened Nunes after the burglary, that threat did not result in any harm to the Petitioners and did not constitute persecution. *See Villegas Sanchez v. Garland*, 990 F.3d 1173, 1179–80 (9th Cir. 2021) (holding unfulfilled threats generally constitute harassment rather than persecution).

3. Petitioners contend[4] that the past persecution of Nunes's nephew, who was murdered by the Forza Joven in 2008, constituted persecution of Petitioners.

---

[3] Petitioners point to another burglary incident in 2020 as evidence that the Petitioners were "robbed more than once and threatened by the gang." But, there is no indication that the burglary in 2020 was committed by the Forza Joven.

[4] Petitioners also contend that the IJ did not make any findings on whether the persecution of Nunes's nephew was closely tied to Nunes, and that the BIA committed an error of law by making a factual finding. *See Rodriguez v. Holder*, 683 F.3d 1164, 1170 (9th Cir. 2012). But in its factual findings, the IJ had said that "[t]here were no further details about t[he] killing [of Nunes's nephew]. It [wa]s related somehow to the gangs." Based on these findings, the IJ concluded

Here, the harm to Nunes's nephew, as well as harm to her other family members, is not relevant to Petitioners' claims of past persecution because they are not "part of a pattern of persecution closely tied to" the Petitioners. *Sharma v. Garland*, 9 F.4th 1052, 1062 (9th Cir. 2021) (cleaned up). Nunes's nephew was murdered for resisting the Forza Joven's efforts to recruit him, and the harm to Nunes's other family members occurred in separate assault incidents that did not involve the Forza Joven.

4. Substantial evidence also supports the agency's finding that Yago did not experience past persecution. Despite Forza Joven's multiple threats to him over five years, Yago was able to refuse to join the gang and sell drugs without being subject to any violence, let alone "significant physical violence." *See* *Sharma*, 9 F.4th at 1061. Yago did have to break up with his girlfriend because of Forza Joven, which caused him emotional harm, but this was a "loss of liberty [that] do[es] not qualify as persecution." *See id.* at 1060. Although Forza Joven members threatened Yago when they stole his phone, the record does not compel the finding that he experienced "persistent robbery under threatening conditions" sufficient to establish persecution. *Cf. Chand*, 222 F.3d at 1074. The Forza Joven

_____

that violence against Petitioners' other family members did not establish persecution of Petitioners because "the violence must create a pattern of persecution closely tied to the[m]." The BIA therefore did not need to make, and did not make, separate factual findings.

members were not carrying any weapons, and the government was not "unable or unwilling to" investigate the theft. *Cf. id*. Nunes called the police who said they would go around the neighborhood to see if they could find the Forza Joven members who stole Yago's phone.

5. Although the Forza Joven threatened to kill Yago and his family, these death threats did not amount to persecution because there was no concurrent confrontation or mistreatment. *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000). These threats standing alone were also not "so menacing as to cause significant actual suffering or harm" because the Forza Joven never attempted to assault Yago.[5] *See id*. (cleaned up). The record does not compel the conclusion that Petitioners were persecuted.

6. The record similarly does not compel the conclusion that Petitioners have a well-founded fear of future persecution. No presumption of future persecution arises from mere unfulfilled threats, and Petitioners here also have not been threatened by the Forza Joven since leaving Brazil in 2021.

---

[5] Petitioners contend that Yago suffered emotional harm sufficient to make the threats menacing. But "it is the conduct of the persecutor, not the subjective suffering from the perspective of the victim, that matters for purposes of determining what constitutes persecution." *Kaur v. Wilkinson*, 986 F.3d 1216, 1226 (9th Cir. 2021). Mere emotional harm perceived by a victim, with no physical injury caused by the perpetrator, does not rise to the level of persecution. *Cf. id.*

7.     Petitioners could also avoid any threat of persecution by relocating to another part of Brazil because the Forza Joven operates only in the state of Goiás and is a small gang of about ten people. *See* 8 C.F.R. § 1208.13(b)(2)(ii). Nunes's father and eight brothers have remained in other parts of Brazil unharmed by the Forza Joven.[6] And Nunes testified that her family in other states in Brazil could provide support if Petitioners relocate.

8.     Petitioners waived review of their request for CAT relief. Petitioners' opening brief requests remand for further consideration of their applications for CAT relief, but they do not raise any substantive challenge to the agency's denial of their request for CAT relief. Because Petitioners did not raise any argument regarding the denial of their applications for CAT relief, Petitioners have waived these claims. *See Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005).

**PETITION DENIED.**

---

[6] The two assaults on Petitioners' family members in Acailandia do not contradict this conclusion because Nunes did not identify the assailants there as Forza Joven members, testifying only that "a criminal attacked [her] brother." *See Hernandez-Galand v. Garland*, 996 F.3d 1030, 1037 (9th Cir. 2021) (fear of general crime and violence alone is not a basis for persecution). Being a victim of general criminal activity does not mean that a person has been persecuted, for purposes of evaluating a right to asylum or withholding of removal.